**Dated: April 4, 2024**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| Kenneth Gross & Brenda Gross, | ) | Case No. 23-12767-JDL |
| | ) | Ch. 7 |
| Debtors. | ) | |
| New Falls Corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 24-1005-JDL |
| Kenneth Gross & Brenda Gross, | ) | |
| Debtors. | ) | |

**ORDER DISMISSING CASE**

Before the Court for *sua sponte* consideration of dismissal is a Complaint [Adv. Doc.1] filed January 15, 2024, by New Falls Corporation ("New Falls") seeking a determination that a state court judgment rendered in its favor in the District Court of Kingfisher Co., Oklahoma [*New Falls Corporation, an Ohio Corporation, Plaintiff v. Kenneth R. Gross, Brenda A. Gross et al., Defendants*, Case No. CJ-2014-31] is non-dischargeable

pursuant to 11 U.S.C. § 523(a)(2) (fraud as a fiduciary, embezzlement, larceny).

"A court may raise the issue of *res judicata sua sponte* if it is on notice that it has previously decided the underlined substantive issue in dispute. This result is consistent with one of the policies underlying *res judicata*: the avoidance of unnecessary judicial waste." *In re Ginter*, 349 B.R.193, 197 (8th Cir. BAP 2006) (quoting *Arizona v. California*, 530 U.S. 392, 412, 120 S.Ct. 2304 (2000)); *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432, 100 S.Ct. 2716 (1980) (Although a court's authority to dismiss a complaint *sua sponte* is limited, this situation fits squarely within the exception to the rule because "the court is on notice it has previously decided the issue presented.").

The Court finds that the Debtors had previously filed bankruptcy in this Court [Case No. 15-10951-JDL] in which New Falls had filed an adversary proceeding seeking to deny the discharge of the Kingfisher County District Court Judgment in its favor. [Adv. No. 15-1234-JDL]. On February 25, 2016, this Court entered a *Consent Judgment* against the Defendant/Debtors denying the discharge of the Kingfisher County District Court Judgment.

Claim preclusion generally requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit. *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007) (quoting *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *In re Garland,* 417 B.R. 805, 818 (10th Cir. BAP 2009). Issue preclusion bars "successive litigation of [1] *an issue of fact or law* [2] *actually litigated and*

2

*resolved* in a valid court determination [3] *essential* to the prior judgment, even if the issue recurs in the context of a different claim." *In re Zwanziger*, 741 F.3d 74, 77 (10th Cir. 2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892,128 S.Ct. 2161 (2008)) (emphasis in original).

Issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit. *Melnor, Inc. v. Corey (In re Corey),* 583 F.3d 1249, 1251 (10th Cir. 2009). Claim and issue preclusion apply in bankruptcy. *Brown v. Felsen*, 442 U.S. 127, 134-39, 99 S.Ct. 2205 (1979); *Grogan v. Garner,* 498 U.S. 279, 284-85, 111 S.Ct. 654 (1991).

The key to the analysis of claim preclusion in this case is Bankruptcy Code § 523(b), which states an exception that proves a rule. The rule is that *res judicata* principles apply in bankruptcy so that once a debt is "excepted from discharge" in a judgment that meets the requirements for preclusion, it is, except for the eight exceptions named in § 523(b), "excepted from discharge" in all subsequent chapter 7 cases without need for an independent basis for excepting the debt from discharge in the later case. This rule is implicit in the statement of the exceptions at § 523(b):

> (b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

11 U.S.C. § 523(b).[1]

"The converse of § 523(b)'s language is that 'a debt that was excepted from discharge' on some theory other than the eight enumerated grounds 'in a prior case concerning the debtor under this title is' not dischargeable in a second case. In other words, once nondischargeable, always nondischargeable." *In re Paine,* 283 B.R. 33, 37 (9th Cir. BAP 2002); *Royal American Oil & Gas Co. v. Szafranski (In re Szafranski),* 147 B.R. 976, 988-89 (Bankr. N.D. Okla.1992) ("Since the non-dischargeable character of Royal's debt has already been determined, and is preserved from re-determination or subsequent discharge by 11 U.S.C. § 523(b), there is no need for further evidence on the matter.") (holding that a debt excepted from discharge in a prior bankruptcy case based on debtor's fraud remained non-dischargeable in a subsequent bankruptcy proceeding); *In re Moncur*, 328 B.R. 183, 189 (9th Cir. BAP 2005) ("The gravamen of § 523(b) is premised on the general rule that once a debt is nondischargeable under any theory not enumerated as an exception in § 523(b), it is always nondischargeable.") (holding that no need for creditor to file another non-dischargeability proceeding in the second case); *In re Klasinski*, 215 B.R.181,183 (Bankr. C.D. Ill. 1997) ("It is well settled that a 'determination of nondischargeability in one bankruptcy case bars a redetermination of that issue in a subsequent bankruptcy case.'"); *In re Copeland*, 2019 WL 642846 (Bankr. W.D. Okla. 2019).

It is clear that the nondischargeability judgment in the Debtors' above identified

---

[1] The three exceptions under § 523(b) to which *res judicata* rules do not apply, § 523 subsections (a)(1), (a)(3) and (a)(8), do not involve dishonest dealings, and "there is no sound reason why debtor should be forever barred from having the debt discharged." 4 *Collier on Bankruptcy* ¶ 523.25 (Allen N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2002).

4

prior bankruptcy case meets all the requirements for both claim (*res judicata*) and issue preclusion in this case so it was not necessary that New Falls file this adversary. Accordingly,

**IT IS ORDERED** that the above-entitled adversary proceeding is **Dismissed**.

# # #